1  DANIEL G. BOGDEN
   United States Attorney
2  Nevada State Bar No. 2137
   DANIEL D. HOLLINGSWORTH
3  Assistant United States Attorney
   Nevada State Bar No. 1925
4  Lloyd D. George United States Courthouse
   333 Las Vegas Boulevard South, Suite 5000
5  Las Vegas, Nevada 89101
   Telephone: (702) 388-6336
6  Facsimile: (702) 388-6787
   Counsel for Plaintiff
7

8

9

10

11              UNITED STATES DISTRICT COURT

12                  DISTRICT OF NEVADA

13  UNITED STATES OF AMERICA,                    )
                                                 )
14            Plaintiff,                          )
                                                 )
15       v.                                       )    2:09-CV-1697-JAD-(VCF)
                                                 )
16  $22,038.49 IN UNITED STATES CURRENCY;         )
    $5,664.61 IN UNITED STATES CURRENCY;          )
17  $2,078.12 IN UNITED STATES CURRENCY; and      )
    $10,935.71 IN UNITED STATES CURRENCY,         )
18                                                )
              Defendants.                         )
19                                                )

20              DEFAULT JUDGMENT OF FORFEITURE

21       The United States filed a verified Complaint for Forfeiture in Rem on May 17, 2013.

22  Complaint, ECF No. 31. The Complaint (ECF 31) alleges the defendant properties:

23            a.  are involved in transactions or attempted transactions in violation of 18 U.S.C. §

24                1956(a)(1), or are property traceable to such property, and are subject to

25                forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

26  . . .

b.  are involved in transactions or attempted transactions in violation of 18 U.S.C. § 1956(a)(2), or are property traceable to such property, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

c.  are involved in transactions or attempted transactions in violation of 18 U.S.C. § 1957, or are property traceable to such property, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(A);

d.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1084 and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

e.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1952(a)(1) and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

f.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1952(a)(3) and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

g.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 463.160, 465.092, and 465.093, a specified unlawful activities as defined in 18 U.S.C. §§ 1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

1   h.  were used in violation of 18 U.S.C. § 1955 and Nev. Rev. Stat. §§ 463.160,

2       465.092, and 465.093 and are subject to forfeiture pursuant to 18 U.S.C. §

3       1955(d);

4   i.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. §

5       1956(a)(1), a specified unlawful activity as defined in 18 U.S.C. §§

6       1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are

7       subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C);

8   j.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. §

9       1956(a)(2), a specified unlawful activity as defined in 18 U.S.C. §§

10      1956(c)(7)(A) and 1961(1)(B), or a conspiracy to commit such offenses, and are

11      subject to forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C); and

12  k.  constitute or are derived from proceeds traceable to violations of 18 U.S.C. §

13      1957, a specified unlawful activity as defined in 18 U.S.C. §§ 1956(c)(7)(A)

14      and 1961(1)(B), or a conspiracy to commit such offenses, and are subject to

15      forfeiture pursuant to 18 U.S.C. § 981(a)(1)(C).

16  On May 21, 2013, the Court entered an Order for Summonses and Warrants of Arrest in Rem

17  for the Properties and Notice and issued the Summonses and Warrants of Arrest in Rem. Order for

18  Summonses and Warrants of Arrest in Rem, ECF No. 33; Summons and Warrant, ECF No. 34.

19  Pursuant to the Order (ECF No. 33), the Complaint (ECF No. 31), the Order (ECF No. 33),

20  the Summons and Warrant (ECF No. 34), and the Notice of Complaint for Forfeiture (ECF No. 40, p.

21  3-6) were served on the defendant properties and all persons claiming an interest in the defendant

22  properties. All persons interested in the defendant properties were required to file their claims with the

23  Clerk of the Court no later than 35 days after the notice of this action was sent by mail, followed by

24  the filing of an answer to the Complaint within 21 days after the filing of their respective claims. ECF

25  Nos. 31, 33, 34, and 40.

26  . . .

3

1   On August 14, 2013, the Department of Homeland Security served the Complaint, the Order,
2   the Summons and Warrant of Arrest in Rem for the Properties, and the Notice by executing them on
3   the defendant properties. Notice of Filing Service of Process, ECF No. 40.

4   Public notice of the forfeiture action and arrest was given to all persons and entities by
5   publication on the official government website www.forfeiture.gov from June 6, 2013, through July 5,
6   2013. Notice of Filing Proof of Publication, ECF No. 36.

7   On August 14, 2013, the United States filed a Settlement Agreement, Stipulation for Entry of
8   Judgment of Forfeiture as to Claimant, and Order, regarding the $22,038.49 in United States Currency;
9   $5,664.61 in United States Currency; $2,078.12 in United States Currency; and $10,935.71 in United
10  States Currency.  Claimant waived, among other things, service of process. Settlement Agreement,
11  Stipulation for Entry of Judgment of Forfeiture as to Theo Spyer, ECF No. 38.

12  On August 14, 2013, the Court entered the Order granting the Settlement Agreement,
13  Stipulation for Entry of Judgment of Forfeiture as to Claimant, and Order. Order Granting Settlement
14  Agreement, Stipulation for Entry of Judgment of Forfeiture as to Theo Spyer, ECF No. 39.

15  No other person or entity has filed a claim, answer, or responsive pleading within the time
16  permitted by 18 U.S.C.§ 983(a)(4) and Fed. R. Civ. P. Supp. Rule G(4) and (5).

17  On August 14, 2013, the United States filed a Request for Entry of Default against the
18  defendant property and all persons or entities who claim an interest in the defendant property in the
19  above-entitled action except Theo Spyer. Request for Entry of Clerk's Default, ECF No. 41.

20  On August 15, 2013, the Clerk of the Court entered a Default against the defendant property
21  and all persons or entities who claim an interest in the defendant property in the above-entitled action
22  except Theo Spyer. Clerk's Entry of Default, ECF No. 42.

23  The allegations of the Complaint are sustained by the evidence and are adopted as findings of
24  fact.  The Court concludes as a matter of law that the United States is entitled to the relief requested in
25  the Complaint.

26  . . .

4

1    NOW, THEREFORE, IT IS HEREBY ORDERED, ADJUDGED, AND DECREED that

2  Default Judgment of Forfeiture be entered against the defendant property and all persons or entities

3  who claim an interest in the defendant property in the above-entitled action except Theo Spyer.

4    IT IS FURTHER ORDERED, ADJUDGED, AND DECREED that said property be, and the

5  same is hereby forfeited to the United States of America, and no right, title, or interest in the property

6  shall exist in any other party.

7    IT IS HEREBY CERTIFIED, pursuant to 28 U.S.C. § 2465(a)(2), that there was reasonable

8  cause for the seizure or arrest of the defendant property.

9

10    _____
      UNITED STATES DISTRICT JUDGE

11

12    DATED:    8/21/13

13

14

15

16

17

18

19

20

21

22

23

24

25

26